IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 CR 784 |
| | ) | |
| ADALBERTO SANTIAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Adalberto Santiago's ("Santiago") motion to dismiss the indictment and motion in the alternative to suppress evidence. For the reasons stated below, we deny the motion to dismiss and the motion to suppress in their entirety.

## BACKGROUND

On September 26, 2002, Santiago allegedly drove to a parking lot where he met his co-defendant, Felipe Padilla ("Padilla"), and delivered narcotics to Padilla. Padilla, in turn, allegedly handed the alleged narcotics to Agent Gomez of the Bureau of Alcohol, Tobacco, and Firearms ("ATF") and a confidential informant who was working with the ATF. According to the Government, Officers Parks and Rosario of

1

the Cook County Sheriff's Department were witnesses to the delivery, and after the handoff Parks and Rosario inventoried the alleged narcotics and took possession of them ("drug evidence"). Santiago was arrested at a later time. The drug evidence was initially tested on October 1, 2002, and again on July 6, 2004, by the Cook County Sheriff's Department Forensic Laboratory ("CCSDFL"). The initial testing revealed a "tan rock like powder" with the presence of cocaine. The second testing again revealed a "tan rock like powder," but this time with the presence of cocaine base. At both tests, the chemist determined that the weight was 121.3 grams. On October 27, 2004, Santiago was indicted under a superceding indictment and charged with (a) one count of conspiracy to knowingly possess with the intent to distribute approximately 121.3 grams of a mixture containing cocaine base in the form of "crack," in violation of Title 21, United States Code, Sections 846 and 2; and (b) one count of knowingly and intentionally distributing a controlled substance, namely cocaine base in the form of "crack," in violation of Title 21, United States Code, Section 841(a)(1). On October 19, 2004, Santiago pled not guilty to the charges.

On May 18, 2005, Santiago indicated orally to the court during a status hearing that he wanted to have an expert witness examine the drug evidence. Santiago was given until June 1, 2005, to file a motion for obtaining an expert witness, but Santiago never filed a motion to obtain an expert witness. Trial was scheduled for January 17, 2006, but was continued based on the agreement of the parties. The Government states that on January 4, 2006, it discovered that the drug evidence in this case had been destroyed inadvertently. Santiago is now moving to

dismiss the indictment based on the destruction of the drug evidence, and moves in the alternative to suppress the nature and quantity of the destroyed evidence at trial.

**DISCUSSION**

Santiago argues that the indictment should be dismissed because he is no longer able to have an expert witness testify as to the nature, weight, and composition of the drug evidence due to their inadvertent destruction. Santiago argues in the alternative that the Government should not be allowed to introduce into evidence CCSDFL's results from testing the alleged narcotics, because Santiago is unable to independently verify the results. Santiago claims that the "narcotics are the crime itself," and thus material to his defense. (Mot. 10).

The Seventh Circuit has held that "[a] claim that the government failed to preserve evidence is not governed by *Brady v. Maryland*, 373 U.S. 83 . . . (1963) but, rather, by the more rigorous standard established in *Arizona v. Youngblood*, 488 U.S. 51, 56-58 . . . (1988)." *United States v. Stewart*, 388 F.3d 1079, 1085 (7th Cir. 2004)(internal citations omitted). In order to succeed on a motion to dismiss the indictment or to suppress evidence based on a claim of destroyed evidence, a defendant must show: "(1) bad faith on the part of the government; (2) that the exculpatory value of the evidence was apparent before the evidence was destroyed; and (3) that the evidence was of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* (quoting

*United States v. Aldaco*, 201 F.3d 979, 982-83 (7th Cir. 2000) and *United States v. Watts*, 29 F.3d 287, 289-90 (7th Cir. 1994)).

In the instant action, there is no evidence that the drug evidence was destroyed in bad faith. Officer Parks, the supervisor with the Cook County Sheriff's Department who signed a "Recovered Property Disposition Form" that resulted in the destruction of the evidence, stated that he signed the disposition form by accident but that he does not specifically remember signing the form. Santiago makes much of the fact that Officer Parks offered what Santiago calls "speculation" regarding the circumstances that led up to the destruction of the drug evidence after Officer Parks was questioned about the situation. However, Officer Parks' speculation does not amount to the bad faith element that Santiago must show in order to succeed on his motions. Therefore, we find that Santiago has not met the first prong of the Seventh Circuit's test for determining when it is proper to dismiss the indictment or suppress drug evidence due to the destruction of the evidence.

Santiago also argues that the exculpatory nature of the destroyed evidence was "reasonably apparent" because the Government's initial testing of the evidence "did not indicate the presence of any sodium bicarbonate," which is indicative of crack cocaine. (Mot. 14). The Government argues that the drug evidence did not have any exculpatory value to Santiago, in light of the fact that the Government's first analysis of the drug evidence tested positive for the presence of cocaine and the second analysis tested positive for the presence of cocaine base, which the Government claims is "a strong indicator that the substance was indeed crack cocaine." (Resp. 8).

The Government also argues that Santiago mischaracterizes the Government's initial testing of the drug evidence when he says that the tests did not reveal the presence of sodium bicarbonate because the Government's two tests did not specifically test for sodium bicarbonate.

We agree with the Government that Santiago has not shown that the destroyed drug evidence was materially exculpatory as is required to succeed on a motion to dismiss the indictment or a motion to suppress the evidence. *See United States v. Stewart*, 388 F.3d at 1085 (stating that a defendant must show "that the exculpatory value of the evidence was apparent before the evidence was destroyed"). The Government's first two tests of the drug evidence showed that the drugs were likely crack cocaine. The Seventh Circuit has held that "drug type or quantity [is not] an 'element' of" an offense under 21 U.S.C. § 841, which is the statutory provision under which Santiago is charged. *Knox v. United States*, 400 F.3d 519, 523 (7th Cir. 2005). Therefore, Santiago will not be prejudiced by the destruction of the drug evidence. Santiago claims that "[i]t made little sense for the defense to conduct testing [of the drug evidence] while the government was still making up its mind about what the substance in question might be." (Rep. 3). This statement, however, shows that it was not readily evident that the drug evidence was exculpatory before the evidence was destroyed. In addition, despite Santiago's claims that he intended to analyze the drug evidence prior to trial, the fact remains that as of January 4, 2006, less than two weeks before trial was set to begin, Santiago had not yet made a request to examine the drug evidence. Therefore, we find that Santiago has not

5

shown that the exculpatory value of the destroyed drug evidence was apparent prior to the destruction. Based on the foregoing, we deny Santiago's motion to dismiss the indictment and Santiago's alternative motion to suppress the drug evidence at trial.

## CONCLUSION

Based on the foregoing analysis, we deny Santiago's motion to dismiss the indictment and deny his motion in the alternative to suppress evidence.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:  June 28, 2006