# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 CR 784 |
| ) | |
| ADALBERTO SANTIAGO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

    This matter is before the court on Defendant Adalberto Santiago's ("Santiago") motion for the entry of a judgment of acquittal and motion for a new trial. For the reasons stated below, we deny both motions.

### BACKGROUND

    On January 22, 2007, a jury trial began in this action. On January 26, 2007, the jury returned a verdict of guilty of conspiracy to possess with the intent to distribute a controlled substance (Count I) and distribution of a controlled substance

(Count II). Santiago now requests that the court either vacate the jury's verdict and enter a judgment of acquittal, or in the alternative grant Santiago a new trial.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 29 provides, in part, the following:

> (c) After Jury Verdict or Discharge.
>
> (1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later.
>
> (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
>
> (3) No Prior Motion Required. A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making
> (d) Conditional Ruling on a Motion for a New Trial.
>
> (1) Motion for a New Trial. If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed. The court must specify the reasons for that determination.

Fed. R. Crim. P. 29. A court should only enter a judgment of acquittal "if there is insufficient evidence to sustain the jury's findings" and "[u]nder this standard, a trial judge should reverse a jury verdict only if, viewing the evidence in the light most favorable to the prosecution, the record contains no evidence on which a rational jury could have returned a guilty verdict." *United States v. Murphy*, 406 F.3d 857, 861 (7th Cir. 2005). Federal Rule of Criminal Procedure 33 ("Rule 33") provides, in part, the following:

> (a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

Fed. R. Crim. P. 33(a). A Rule 33 motion should "not to be granted lightly." *United States v. Morales*, 902 F.2d 604, 605-06 (7th Cir. 1990)(stating that "if the judge believes there is a serious danger that a miscarriage of justice has occurred--that is, that an innocent person has been convicted--he has the power to set the verdict aside, . . . even if he does not think that he made any erroneous rulings at the trial").

## DISCUSSION

### I. Motion for Judgment of Acquittal

In Santiago's motion for judgment of acquittal, he argues that the Government's evidence did not establish certain elements of the crimes charged. He argues first that the Government's evidence did not establish that Santiago was, in fact, the person who arrived at the location of the alleged drug deal nor that the substance recovered by the agents was a controlled substance. Thus, Santiago argues that a reasonable jury could not have convicted him on either Counts I or II. Santiago also states in a conclusory fashion that, with respect to Count I, a reasonable jury could not have found that Santiago participated in an agreement or conspiracy.

The Government presented testimonial evidence that showed that Santiago

was the individual present at the drug deal and that Santiago personally participated in the transfer of a plastic bag containing 121.3 grams of a mixture containing cocaine base in exchange for $2,750.00. The Government also presented evidence demonstrating that the substance recovered from the drug deal was cocaine base, a controlled substance.

When viewing all of the evidence in a light most favorable to the Government, we find that enough evidence was presented on which a rational jury could have returned a guilty verdict. Therefore, we deny Santiago's motion for judgment of acquittal.

II. Motion for a New Trial

Santiago has also filed a separate motion for a new trial as an alternative to a judgment of acquittal.

A. General Objection

Santiago states first that he is entitled to a new trial "on the basis of each and every objection that was made by the defendant (and ruled upon unfavorably) during the course of the trial and/or pretrial proceedings." (Mot. N.T. 1). This blanket statement is non-specific and provides no detail or argument demonstrating that this court erred in ruling on any of the rulings on objections made by Santiago. The Seventh Circuit has cautioned that Rule 33 motions should not be "granted lightly," *Morales*, 902 F.2d at 605-06, and Santiago's broad and unsupported argument relating to his objections does not establish that a miscarriage of justice has occurred

and does not warrant a new trial.

### B. Evidence of Gang Affiliation

Santiago also argues that he is entitled to a new trial because his Sixth Amendment right to a fair and impartial jury was violated by the admission of evidence demonstrating Santiago's gang affiliation. Santiago challenges this court's in limine ruling denying Santiago's motion to bar the introduction of evidence concerning gang membership at trial. Santiago also advances arguments relating to the actions of two jurors, without explicitly stating that this court committed error in ruling on these issues.

### 1. In Limine Motion

Santiago argues that this court erred in denying his motion in limine seeking to bar the introduction of evidence concerning gang membership at trial. Santiago argues that evidence of his gang affiliation was not relevant and, even if relevant, the probative value of the evidence was outweighed by its prejudicial effect in violation of Federal Rule of Evidence 403.

Santiago raised these arguments in his motion in limine and we carefully considered the relevance of such evidence in our ruling on Santiago's motion. The Seventh Circuit has found that "[e]vidence of gang affiliation is admissible in cases in which it is relevant to demonstrate the existence of a joint venture or conspiracy and a relationship among members." *United States v. Westbrook*, 125 F.3d 996, 1007 (7th Cir. 1997). We found that the evidence of Santiago's gang affiliation is

relevant under Federal Rule of Evidence 401 since the evidence of Santiago's gang affiliation established a relationship between Santiago and another defendant in the case as conspirators and was relevant to Count I. Contrary to Santiago's contention that "gang involvement became a central issue in the case," (Mot. N.T. 2), the testimony relating to Santiago's gang membership was not extensive and references to Santiago's gang membership were minimal. Further, the court ensured that such evidence would not be prejudicial by issuing a limiting instruction to the jury, stating that "references made to gangs or gang membership . . . do[] not mean that the Defendant committed the offenses charged in this case." (Jury Instr. No. 36).

The Seventh Circuit has held that "'under appropriate circumstances, gang evidence has probative value warranting its admission over claims of prejudice.'" *United States v. Montgomery*, 390 F.3d 1013, 1018 (7th Cir. 2004)(quoting *United States v. Irvin*, 87 F.3d 860, 865 (7th Cir. 1996)). This court carefully and thoroughly considered this issue at the motion in limine stage and ruled that the probative value of evidence relating to Santiago's membership in a gang was not outweighed by any prejudicial effect. Santiago has not demonstrated that this court erred in that ruling.

2. Juror Issues

In advancing his arguments relating to evidence of gang affiliation, Santiago has pointed to issues concerning two jurors that arose during the trial. Santiago does not assert that this court committed error when addressing or ruling on the issues concerning these individual jurors. In fact, counsel for the defense was apprised of

all the developments concerning these jurors, was given an opportunity to make suggestions to the court regarding the issues raised, did not object to any of the actions by the court, and in fact explicitly expressed agreement with the actions and decisions of the court.

In the first instance, Santiago contends that one juror asked to be taken off the jury after she learned that there were issues relating to gang involvement. On the first day of trial, after jury selection and testimony by one witness on direct examination, one juror sent a note to the court through the security officer, asking if she could talk to the court about being pulled as a juror from the case. (1-23-07 HR 212). After a discussion with the parties, and with the agreement of the parties, the court questioned the juror outside of the presence of the rest of the jury but in the presence of defense counsel and Government counsel. (1-23-07 HR 214-17, 219-20, 225-26). The juror indicated to the court that she had individualized concerns about remaining on the jury since the case involved gangs and since she had two small children. (1-23-07 HR 215-16). The court inquired of the juror if she had discussed her concerns with other members of the jury and she unequivocally stated that she had not mentioned her concerns to any other juror. (1-23-07 HR 219-20). The juror also indicated that she had not shared her reason for submitting a note to the judge with any other member of the jury. (1-23-07 HR 219-20). Out of an abundance of caution, this court instructed the juror not to disclose her concerns to other members of the jury. (1-23-07 HR 219-20). The court gave both parties an opportunity to research the issue and to express their positions. (1-23-07 HR 220-22). Subsequently, the Government's counsel stated that both parties had agreed that the

court should dismiss the individual juror. (1-23-07 HR 24). The court asked defense counsel if this was their understanding and counsel stated that it was. (1-23-07 HR 224). The court then indicated to both counsels that the court believed that this particular juror's mind would be elsewhere and she would not be a fair juror to both parties and, based on that, the court would dismiss her. (1-23-07 HR 224). In response, defense counsel stated "that sounds logical." (1-23-07 HR 224).

In dismissing this particular juror and taking other precautions to ensure that the jury was not affected by this juror's concerns, the court eliminated any prejudicial effect that might have stemmed from this juror's continued presence on the jury. Neither party had any objection regarding the precautions taken by the court in questioning this juror or the court's decision to excuse the juror.

In support of his contention that the court erred in its ruling relating to gang affiliation, Santiago also points to the fact that the jury foreperson asked that his name not be disclosed at the end of the trial. After the jury had reached a verdict, the foreperson asked the court in a note that his name not be produced. This court addressed this fact with both sides and defense counsel raised no objections and did not propose any course of action. (1-26-07 HR 658). We note that, in any event, the foreperson was identified when the jury was polled. (1-26-07 HR 661-62). Santiago presents no evidence to demonstrate that this request by the jury foreperson evinces a prejudice against Santiago.

### 3. Prejudice to Santiago

As stated above, this court considered all the issues relating to the relevance

and admissibility of gang-related evidence. Santiago has not shown that he was prejudiced in any way by the court's ruling on his in limine motion or the court's rulings on the issues related to the particular jurors. Therefore, Santiago's motion for a new trial based on the evidence submitted relating to gang affiliation is denied.

### C. Exclusion of Evidence

Santiago also requests a new trial on the basis of what he argues was a "highly prejudicial error" excluding certain evidence, namely, excerpts from a recording documenting the investigation that led to Santiago's arrest. (Mot. N.T. 9). As Santiago points out, the Government sought to introduce a small portion of the recording and the defense asked for the recording to be admitted in its entirety. Rather than admitting the entire recording, which lasted approximately 90 minutes and contained portions not relevant, the court considered portions of the recording separately. In doing so, the court considered the Federal Rules of Evidence, including rules related to relevance and hearsay. The court did admit several portions of the recording at Santiago's request while others were excluded. In the instant motion, Santiago rehashes his arguments as to why those excluded portions of the recording should have been admitted. However, the court considered these arguments at the time and properly ruled on each of the admissibility issues raised by the parties. Santiago has not pointed to any error by the court before or during trial and he has not pointed to any circumstances that would warrant a new trial. Therefore, we deny Santiago's motion for a new trial.

## CONCLUSION

Based on the foregoing analysis, we deny Santiago's motion for the entry of a judgment of acquittal and we deny his motion in the alternative for a new trial.

                                                _____
                                                Samuel Der-Yeghiayan
                                                United States District Court Judge

Dated: February 8, 2008