IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States of America | ) | Case No: 04 CR 784-1 |
| v. | ) | |
| | ) | Judge Samuel Der-Yeghiayan |
| Adalberto Santiago | ) | |

# ORDER

Defendant's motion for reduction in sentence [311] is denied.

# STATEMENT

This matter is before the court on Plaintiff Adalberto Santiago's (Santiago) motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782. Sentencing Guidelines Section 1B1.10, which governs a reduction in term of imprisonment as a result of an amended guidelines range, provides in subsection (b)(2) the following:

> (A) Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
> (B) Exception for Substantial Assistance.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10. At sentencing, Santiago's total offense level was 30 and his criminal history category was V, which would ordinarily result in an advisory guidelines range of 151 to 188 months. However, because Santiago faced a mandatory minimum sentence of 20 years, the restricted guidelines range became 240 months. Santiago argues that his mandatory minimum of 240 months is no longer applicable. However, Santiago has not shown that the Sentencing Commission altered the mandatory minimum sentence. As such, Santiago's guidelines range was unaffected by Amendment 782. Santiago also mentions the *ex post facto* clause, suggesting the current guidelines subject him to harsher punishment than that at the time of his offense. This

1

argument lacks merit. Although the *ex post facto* clause would prohibit the application of guidelines that produce a higher sentencing range than the range in effect at the time of the offense, the *ex post facto* clause has no bearing on the resolution of a § 3582(c)(2) motion, which seeks to reduce, rather than increase, a sentence. *See United States v. Diggs*, 768 F.3d 643, 645 (7th Cir. 2014)(holding that a §3582 proceeding for sentence reduction has no bearing on the ex post facto clause because it cannot increase a punishment). Therefore, Santiago's motion for reduction in sentence is denied.

Date: 5/4/17

_____
Samuel Der-Yeghiayan
United States District Court Judge